## AHIRA GRISWOLD *v.* EBENEZER CLARK.

### *Discharge of note by executors.*

The plaintiff and two others were executors of the last will of his father, who before his decease held a note against the defendant, which he placed in the hands of the plaintiff for collection; and the plaintiff subsequently took a new note, upon which he commenced the present suit, in his own name, as its bearer, after which the defendant paid the amount due upon it to the other executors, and obtained their discharge, they knowing of the suit, and agreeing to indemnify the defendant against it. *Held* that the note was under the control of the executors, and that the discharge of a majority of them was a valid defense.

ASSUMPSIT. The suit was commenced by the plaintiff as the bearer of a promissory note, in reference to which it appeared, that John Griswold, the father of the plaintiff, deceased in December, 1851, owning a note against the defendant, which he had placed in the plaintiff's hands for collection ; and that by his will he appointed the plaintiff, Loren Griswold and John Griswold the executors thereof, which trust they accepted; and that they were the residuary legatees ; and that the note in suit was subsequently given for the one belonging to the testator, and that both the old and new note remained in the plaintiff's hands until this suit was brought. After the plaintiff had commenced this suit, the defendant paid the amount of the note to Loren and John Griswold, without any cost, and they gave him a discharge, and agreed to indemnify him from all costs of the suit,—all of them knowing that the note was then in the plaintiff's possession. Previous to this payment, the plaintiff and John and Loren had looked over the collections and receipts of moneys of the estate by each, but they had not come to a settlement ; and it was claimed by Loren and John that the plaintiff had received more than his share by some $600, but the plaintiff claimed that they were about even. Before the commencement of the suit, Loren and John told the defendant that he might pay the note to John, when he did pay; and they also told him that he might delay the payment to a time subsequent to the commencement of the suit ; and before the suit was brought, the plaintiff was informed by Loren, that they (Loren and John) had so told the defendant. It appeared that the plaintiff repeatedly called on the defendant for pay on the note, and did so on the day, or day but one before the suit was brought

Upon the foregoing facts the county court, January Term; 1856,

—UNDERWOOD, J., presiding,—rendered judgment for the defendant, to which the plaintiff excepted.

*W. Hebard* for the plaintiff.

This note had always been in the plaintiff's hands, and was taken by him, and this was known to the defendant.

The plaintiff being the *bona fide* holder of the note, he becomes the legal bearer of it, and liable for costs ; his suit could no more be defeated by a payment to a third person claiming an interest in the note, than by pleading an offset against the real owner of a note, sued in the name of an endorsee or bearer. *Potter* v. *Bartlet,* 6 Vt. 248. *Adams* v. *Bliss,* 16 Vt. 39. *Phelps* v. *Bulkley,* 20 Vt. 17. *Rix, admr.* v. *Nevins,* 26 Vt. 385. *Littlefield* v. *Story,* 3 Johns. 421. *Raymond* v. *Squire,* 11 Johns. 47. *Tuttle* v. *Bebee,* 8 Johns. 152. Am. Com. L. 230,

Suppose the defendant, instead of paying the money to the said John and Loren, had made a tender of the amount due. Would that have defeated the plaintiff's action ? Most surely not. *Tarbell* v. *Sturtevant,* 26 Vt. 513.

A payment could have no greater effect than a tender, and neither could have any effect, unless made to the right man.

*P. Perrin* for the defendant.

This note was in the plaintiff's hands as one of the executors, and he held it only in that capacity, and not in his own right.

The note was the property of the estate, and should have been sued in the name of all the executors. *Sherwood* v. *Roys,* 14 Pick. 172. *Baxter's Admr.* v. *Buck,* 10 Vt. 548.

A majority of the executors had appropriated the avails of this note before suit, and of this the plaintiff had notice, and a majority of the executors had a right to control the disposition of the note, or extend the time of payment.

Either executor has the right and power to receive and execute a discharge of a suit, and, clearly, a majority can do so, and, if justice required, indemnify the defendant against costs. *Gleason* v. *Lillie,* 1 Aik. 28. Wheaton's Selwyn 783 and notes.

The opinion of the court was delivered by

ISHAM J. The note on which this action is brought belongs to

the estate of John Griswold. The fact that it was given in renewal of another note, which was left with the plaintiff by his father for collection, does not alter the legal title to it. The note was payable to his father, and belonged to his estate. When the plaintiff sued the note in his name, he stood as trustee for the estate, and any payment made to the estate, or to those representing it, was a good discharge of the note, as the plaintiff had no interest in it but as one of the executors, and as one of the residuary legatees. The note and its avails were assets belonging to the estate, and, until the estate was settled and the property divided, it was under the control of the executors, and payments made to, and releases executed by them, or a majority of them, is a good discharge of the claim. The judgment of the county court is affirmed.